NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| S. P., a minor, by and through her Guardian Ad Litem, Nefali Palacios,<br><br>　　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>EAST WHITTIER CITY SCHOOL DISTRICT,<br><br>　　　　　　　Defendant-Appellee. | No.　16-56549<br><br>D.C. No.<br>2:15-cv-09248-JAK-PJW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted March 5, 2018
Pasadena, California

Before:　N.R. SMITH** and NGUYEN, Circuit Judges, and SETTLE,*** District Judge.

---

\*　　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*　　　This case was submitted to a panel that included Judge Reinhardt. Following Judge Reinhardt's passing, Judge N.R. Smith was drawn by lot to replace him.　Ninth Circuit General Order 3.2.h.　Judge N.R. Smith has read the briefs, reviewed the record, and listened to oral argument.

\*\*\*　　　The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

S.P., a minor, appeals, through her mother Nefali Palacios, the district court's denial of her request to vacate an Administrative Law Judge ("ALJ") decision finding that the East Whittier City School District ("the District") did not violate her rights under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* "We review *de novo* the district court's decision that the school district complied with the IDEA." *K.D. v. Dep't of Educ.*, 665 F.3d 1110, 1117 (9th Cir. 2011). First, we ask if "the State complied with the procedures" set out in the IDEA. *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982). Second, we ask if the State has met the substantive requirements of providing the student with a free appropriate public education ("FAPE"). *See id.* at 206—207. We reverse and remand for further proceedings.

1. The IDEA requires that a student's Individualized Education Plan ("IEP") "determine whether a child is a child with a disability" and "determine the educational needs of such child." 20 U.S.C. § 1414(a)(1)(C)(i). The District violated the IDEA by tying S.P.'s eligibility for special education services to only her speech and language disorder and not also to her hearing impairment. The District classified S.P. as a student eligible for special education services because of "[h]earing loss which results in a language or speech disorder and significantly affects educational performance." California Education Code § 56333(e). It went on to conclude that S.P. did not meet the eligibility requirement for hearing

2

impairment because the District's evaluations "did not identify that S.P.['s] permanent hearing loss impairs her ability to process information through her hearing aids." But this is the federal definition of deafness, *not* hearing impairment. *See* 34 C.F.R. § 300.8(c)(3) ("Deafness means a hearing impairment that is so severe that the child is impaired in processing linguistic information through hearing, with or without amplification, that adversely affects a child's educational performance."). To be classified as having a hearing impairment disability, a child need only have "an impairment in hearing, whether permanent or fluctuating, that adversely affects a child's educational performance." *Id.* § 300.8(c)(5). Because, per the District's own evaluations, S.P.'s "[h]earing loss . . . results in a language or speech disorder and significantly affects [her] educational performance," Cal. Educ. Code § 56333(e), S.P. is also a child with a disability due to hearing impairment under federal law. *See* 34 C.F.R. § 300.8(c)(5).

The district court found that any possible classification error would have been harmless because the District otherwise provided S.P. with a FAPE. While it is true that "[t]he IDEA concerns itself not with labels, but with whether a student is receiving a [FAPE]," *see E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist.*, 758 F.3d 1162, 1173 (9th Cir. 2014) (quoting *Heather S. v. Wisconsin*, 125 F.3d 1045, 1055 (7th Cir. 1997)), the classification error was not harmless. "[I]n the case of a child who is deaf or hard of hearing," the IEP team must "consider the

3

child's language and communication needs, opportunities for direct communications with peers and professional personnel in the child's language and communication mode, academic level, and full range of needs." 20 U.S.C. § 1414(d)(3)(B)(iv). Having improperly determined that S.P. does not have a hearing impairment disability, the District considered only goals and programs that would address S.P.'s speech and language delay. "[W]ithout evaluative information" regarding S.P.'s hearing impairment, "it was not possible for the IEP team to develop a plan reasonably calculated to provide [her] with a meaningful educational benefit." *N.B. v. Hellgate Elementary Sch. Dist.*, 541 F.3d 1202, 1210 (9th Cir. 2008).

2. The IDEA also requires the District to ensure that its students are "assessed in all areas of suspected disability." 20 U.S.C. § 1414(b)(3)(B). "Anything less would not provide a complete picture of the child's needs." *Timothy O. v. Paso Robles Unified Sch. Dist.*, 822 F.3d 1105, 1111 (9th Cir. 2016). While members of the IEP team were familiar with S.P.'s degree of hearing loss, the assessments were heavily focused on her speech and language disability. While the District was entitled to consider "evaluations and information provided by [S.P.'s] parents," including the audiogram conducted by Palacios, an independent obligation remained to conduct a full initial evaluation of S.P. in all areas of suspect disability. 34 C.F.R. §§ 300.305(a)(1)(i), 300.304(b)(1). The

4

District's "auditory skills assessment" of S.P. consisted of only "observation and review of records." Such limited review was insufficient to satisfy the District's evaluative obligation. *See Timothy O.*, 822 F.3d at 1119 (noting that "[s]chool districts cannot circumvent" their assessment obligations "by way of informal observations").

Because the District violated S.P.'s procedural rights under the IDEA and denied her a FAPE, we reverse. We remand to the district court to determine the appropriate remedy.

**REVERSED AND REMANDED.**